JOHN F. KARTH, PLAINTIFF, v. PORT READING RAILROAD COMPANY, DEFENDANT.

Argued June 5, 1918—Decided November 11, 1918.

1. A charge that the plaintiff did not .assume the risk of the negligence of his fellow employes, while true as a general proposition, is subject to some qualification where the plaintiff knows that his fellow employes have been negligent, and goes on regardless of that fact.

2. On an issue involving the question of whether a railroad was negligent in the operation of its trains in its yard, evidence as to the practice of other railroads as to warning when trains were drilling in a yard is admissible as showing the care that is ordinarily used by prudent men conversant with the matter in hand.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff, *Clarence Sackett* and *Sydney A. Syme* (of New York).

For the defendant, *John F. Reger* and *Frank S. Katzenbach, Jr.*

The opinion of the court was delivered by

SWAYZE, J.   Karth was employed by the defendant company at Port Reading, and was shifting and drilling cars.

His train was being operated on track 1 and track 6 of the south yard. He alighted and ran ahead for the purpose of turning switch No. 6 which was between track 1 and track 2. After throwing the switch he started back between track 1 and track 2, to board his engine, which had continued to move. When about five feet from the switch he noticed a little heap of sand in the middle of track 1. He went over on track 2 and bent to pick up some of the sand, and was struck by an engine running on track 2. He saw the engine, but did not know it was moving.

We think there is no evidence to show that his duty called him to be on track 2, and that as his train was drilling on track 1 and track 6 the men who were running the engine and train on track 2 could not anticipate that he would be on that track. They had a right to assume that he would work only where the line of his duty called him; and he does not seem to have been under any obligation to pick up the sand, nor does it seem to have been necessary in so doing to go on track 2. We think, therefore, that there should have been a nonsuit.

The trial judge charged that the plaintiff did not assume the risk of the negligence of his fellow employes. This is true as a general proposition, but it is subject to some qualification where the plaintiff knows that his fellow employes have been negligent, and goes on regardless of that fact. We think there was evidence requiring this phase of the case to be put to the jury.

The trial judge refused to admit evidence as to the practice of other railroads as to warning when trains were drilling in a yard. We think this evidence was admissible. The obligation is to use the care that is ordinarily used by prudent men conversant with the matter in hand, and surely no evidence could be better than the evidence of men who could testify to the practice of other railroads.

For these reasons we think the rule must be made absolute.